## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINE HOSKIN MADSEN,** : | |
| **Plaintiff** : | |
| : | CIVIL ACTION NO. 1:CV-05-4 |
| v. : | |
| : | (Judge Kane) |
| : | |
| **MILTON HERSHEY SCHOOL,** : | |
| **MILTON HERSHEY EDUCATION** : | |
| **ASSOCIATION/PSEA-NEA,** : | |
| **RUBEN NAZARIO, SCOTT** : | |
| **RICHARDSON, ROBERT FEHRS,** : | |
| **TOM FERGUSON, PETER GURT,** : | |
| **JOHN O'BRIEN, and TOM SCOTT,** : | |
| **Defendants** : | |
| : | |

### MEMORANDUM AND ORDER

Before the Court is a motion to dismiss filed by Defendants Milton Hershey Education Asociation/PSEA-NEA, Tom Ferguson, and Tom Scott. The motion has been fully briefed and the Court heard argument on June 1, 2005. For the reasons discussed below, the motion will be granted.

**I.     Background**

Plaintiff Christine Honskin Madsen brings the above-captioned action pursuant to 42 U.S.C. § 1981 against her former employer, the Milton Hershey School, and several other parties associated with the School. The moving Defendants are Plaintiff's former union, Milton Hershey Education Association/PSEA-NEA, Tom Ferguson, a union representative, and Tom Scott, counsel for the union (collectively, "Union Defendants"). Plaintiff alleges that her termination as a teacher at Milton Hershey

School was discriminatory and that she was subjected to a racially hostile work environment. (Doc. No. 9, Am. Compl. ¶ 80.) The source of the rights Plaintiff asserts in her amended complaint is identified as 42 U.S.C. § 1981. (Id., ¶ 11.) In her amended complaint, Plaintiff details a long history involving the School and several administrators who are named as Defendants. The only allegations relevant to the Union Defendants are contained in paragraphs 66 through 69. Indeed, at oral argument, counsel for Plaintiff identified only paragraphs 67 and 69 as providing any basis for her cause of action against the Union Defendants, and conceded that Defendant Scott should be dismissed from this action. The relevant paragraphs are reproduced here in full as follows.

> 66. Defendant MHEA, PSEA/NEA provided Plaintiff with written ratification of Plaintiff's right to opt out of exclusive union representation and the contractual grievance procedures by correspondence dated June 10, 2004.
>
> 67. On or around August 15, 2004, Defendant Ferguson contacted Plaintiff by telephone and advised her to meet with him at Hoffer Park in Middletown, Pennsylvania and advised her not to bring her counsel with her.
>
> 68. The purported purpose of the meeting was to address issues concerning the procedure between the Union and Milton Hershey School for situations where an employee is represented by an attorney, and was not to address the termination of Plaintiff's employment.
>
> 69. On or around August 16, 2004, Plaintiff met Defendant Ferguson and Bob Johnston at the park where they attempted to coerce Plaintiff into signing a document that would withdraw any and all claims that she had against the Milton Hershey School or the Milton Hershey Educational Association/PSEA-NEA and end her employment.

(Doc. No. 9, Am. Compl. at ¶¶ 66-69.)

Union Defendants filed the instant motion to dismiss on April 18, 2005, arguing that because Plaintiff elected to bypass the union grievance process and because she does not set out any facts

against the individuals that would give rise to liability, her § 1981 claim must fail.

## II.     Discussion

A motion to dismiss tests the legal sufficiency of the complaint. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, the court accepts as true all factual allegations contained in the complaint and views them in the light most favorable to the plaintiff. <u>U.S. Express Lines Ltd. v. Higgins</u>, 281 F.3d 383, 388 (3d Cir. 2002). The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." <u>Kost</u>, 1 F.3d at 183 (citations omitted). A court should grant a motion to dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Wisniewski v. Johns-Manville Corp.</u>, 759 F.2d 271, 273 (3d Cir. 1985) (citations omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. <u>Johnsrud v. Carter</u>, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906, 908 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Lake v. Arnold</u>, 112 F.3d 682, 688 (3d Cir. 1997) (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), overruled on other grounds

by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

    Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Section 1981 provides a private cause of action for intentional discrimination only. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 562 (3d Cir. 2002). To establish a claim under this section, Plaintiff must show that: (1) she belongs to a racial minority; (2) Defendants had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in § 1981, including the right to make and enforce contracts. Id. at 569.

    At oral argument, counsel for Plaintiff conceded that there is nothing in the Amended Complaint which would support a claim against Defendant Scott. Likewise, there is no allegation of intentional, wilful discrimination by Ferguson. Even when pressed, counsel could only point to two paragraphs of the complaint that were even relevant to this claim (paragraphs 67 & 69) and could identify no additional facts that would support liability against this Defendant. Indeed, the only act alleged by Plaintiff– that Defendant Ferguson "lured" her to the park and tried to persuade her to sign a release of all claims– is insufficient. See Pryor, 288 F.3d at 569 (plaintiff must allege intentional act and intent to discriminate on the basis of race concerning one of the enumerated activities).

    Plaintiff's theory of the case against the Union is likewise unsupported by facts or law. She claims that the Union had an affirmative duty to protect her from her employer's alleged discrimination, and it failed to meet this duty. Other Courts of Appeals have specifically held that no such duty exits.

See, e.g., EEOC v. Pipefitters Ass'n Local Union, 597 334 F.3d 656, 660-61 (7th Cir. 2003) (rejecting the argument that unions have an affirmative duty to prevent racial harassment or other forms of unlawful discrimination in the workplace).  Furthermore, Plaintiff specifically disclaimed any Union action, electing instead to pursue her claims with the aid of an attorney.  (See Doc. No. 9 at ¶¶ 62 & 64.)  Accordingly, she has not stated any basis for an intentional discrimination claim against the Union.

Because Plaintiff's bare allegations provide no basis for a § 1981 action against either the Union or its representatives, her claim must be dismissed.  The Court notes that Plaintiff has already amended her complaint once and did not cure these deficiencies.  Discovery is not warranted in this case, as requested by Plaintiff, because there are no allegations in the complaint that discovery would help support.  Accordingly, the Union Defendants' motion to dismiss will be granted.

**III.     ORDER**

Therefore, for the reasons discussed above, **IT IS ORDERED THAT** the Union Defendants' Motion to Dismiss (Doc. No. 15) is **GRANTED**. Defendants Milton Hershey Education Asociation/PSEA-NEA, Tom Ferguson, and Tom Scott are **DISMISSED** from this action.

**IT IS FURTHER ORDERED THAT** a telephone conference will be held with the remaining parties on July 20, 2005 at 1:30 pm to discuss the outstanding Motion to Stay and mandatory mediation.

        s/ Yvette Kane
        Yvette Kane
        United States District Judge

Date: July 5, 2005